```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
              07-CV-2137(JMR/FLN)
```

Sue A. Ouellette-Koppen        )
                               )
     v.                        )         ORDER
                               )
Advanced Skin Care Institute   )
Medical, Surgical and          )
Cosmetic Dermatology, P.A.     )


Plaintiff, Sue A. Ouellette-Koppen, claims defendant, Advanced Skin Care Institute Medical, Surgical and Cosmetic Dermatology, P.A. ("ASCI"), wrongfully terminated her employment, in violation of the Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA").  Defendant moves for partial summary judgment.  Defendant's motion is granted.

I. Background[1]

Defendant is a dermatology clinic owned by Dr. O.J. Rustad in White Bear Lake, Minnesota.  Dr. Rustad employs about 30 people. Plaintiff was an at-will employee, serving as the clinic administrator from 1993 until February 24, 2006.

In December, 2005, the clinic conducted an internal review of plaintiff's compensation, which revealed possible irregularities in her vacation time and pay.  Dr. Rustad referred the inquiry to

---

[1]All disputed facts are construed in the light most favorable to plaintiff, the non-moving party.  Hughes v. Strottlemyre, 454 F.3d 791, 793 (8th Cir. 2006).  The "facts" relied on in this Opinion are based solely on the pleadings, and are not binding factual determinations.

ASCI's accountant.  On February 1, 2006, Dr. Rustad demoted plaintiff from her position as clinic administrator for performance reasons, and put her on a performance improvement plan.  The demotion was unrelated to her vacation pay.  On February 9, 2006, Dr. Rustad received the accountant's report, which found plaintiff had taken $15,591 in excess vacation pay since 2000.  Dr. Rustad presented the report to plaintiff on February 15, 2009, and met with her the next day to discuss the report.  He told her that further employment with the clinic would be conditional on her acknowledging her role in accruing excess vacation pay, and developing a plan for partial repayment of those funds.  A second meeting was set for February 23, 2006, at which time plaintiff was expected to meet those demands.

On February 22, 2006 – one day before the meeting – plaintiff was informed by her orthopedic surgeon that a shoulder injury, first diagnosed in October, 2005, might require physical therapy and surgery.  The surgeon did not impose any work restrictions at this time.  At her February 23, 2006, meeting, she notified Dr. Rustad of her impending need for time off to accommodate her treatment.  She also gave him a letter responding to the vacation time issue, in which she argued her excess vacation time had been paid in good faith based on her understanding of her compensation scheme.  She requested reinstatement to her position as clinic administrator and an increase in salary.

2

This response was unsatisfactory to Dr. Rustad, who claims she failed to acknowledge responsibility for the excess vacation pay, and failed to comply with her performance improvement plan. Dr. Rustad terminated plaintiff's employment on February 24, 2006.

Plaintiff applied for unemployment benefits, stating she had been terminated for financial reasons. Her application was denied. Plaintiff also sought worker's compensation benefits. Worker's compensation was also denied because it was decided her shoulder injury was not work-related. On April 10, 2006, plaintiff's doctor imposed mild activity restrictions due to her shoulder injury, and, on May 24, 2006, ultimately recommended plaintiff undergo surgery. Plaintiff had shoulder surgery in June, 2006, and enjoyed a near complete physical recovery.

Plaintiff sued defendant in Ramsey County District Court on April 12, 2007, claiming violations of the ADA, 42 U.S.C. § 12101 et seq., and MHRA, Minn. Stat. § 363A.01-.41 (2004). She claims defendant terminated her employment without attempting to reasonably accommodate her medical needs, and that the grounds for her termination were false. Defendant timely removed the matter to federal court, and filed counter-claims related to the excess vacation pay. Defendant now moves for summary judgment on plaintiff's claims.

II. Analysis

Defendant contends plaintiff has failed to establish she was

3

disabled, and is therefore entitled to judgment as a matter of law. The Court agrees.

 A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. <u>See</u> <u>Anderson</u>, 477 U.S. at 250; <u>see</u> <u>also</u> <u>Hartnagel v. Norman</u>, 953 F.2d 394, 395-96 (8th Cir. 1992).

 B. <u>The ADA Claim</u>

The ADA prohibits employers from discriminating against a "qualified individual with a disability." 42 U.S.C. § 12112(a). To establish a prima facie case of employment discrimination under the ADA, a plaintiff must establish she was disabled. <u>Dropinski v. Douglas County</u>, 298 F.3d 704, 706-07 (8th Cir. 2002). The determination as to whether a plaintiff was disabled is made as of the time of the adverse employment decision. <u>Browning v. Liberty Mutual Ins. Co.</u>, 178 F.3d 1043, 1047 (8th Cir. 1999).

A disability is defined in the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(2)(A). A

substantial limitation is one which renders an individual unable to perform a basic function the average person in the general population can perform, or significantly restricts the condition, manner, or duration under which she can perform a major life activity. 29 C.F.R. § 1630.2(j)(1)(i)-(ii). Even if a plaintiff is not actually disabled, she may still be considered disabled under the ADA if she "is perceived or regarded as having an impairment that substantially limits a major life activity." Weber v. Strippit, Inc., 186 F.3d 907, 914 (8th Cir. 1999) (quotations omitted).

A medical diagnosis alone or a temporary impairment with little or no long-term impact is not sufficient to show a disability. Toyota Motor Mfg. Inc. v. Williams, 534 U.S. 184, 198 (2002). "The impairment's impact must . . . be permanent or long term." Id. (citing C.F.R. §§ 1630.2(j)(ii)-(iii) (2001)). While the ability to work may be considered a major life activity, "the inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). Instead, to show a substantial limitation on her ability to work, a plaintiff must show she is unable to work in a broad class of jobs. Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999).

Even taking the facts precisely as alleged by plaintiff, the Court finds no reasonable jury could conclude that, at the time of

her termination, plaintiff was disabled within the meaning of the ADA, nor was she perceived by defendant as disabled.  At the time of her termination, plaintiff was not subject to any work restrictions whatsoever.  The mere fact that her doctor had informed her she would need physical therapy and possible surgery does not suffice as - nor can it be equated to - a disability.  Plaintiff contends she was disabled in the major life activity of working because she was terminated from her position.  She is mistaken in this view, because she was not "disabled" from working; she was fired.  Even if the Court assumes plaintiff was fired because of her shoulder injury, plaintiff is unable to show that her injury impaired her from working in a broad class of jobs.

Plaintiff attempts to extend her argument by asserting that, when she informed her employer of a need for physical therapy and surgery, Dr. Rustad would have perceived her as disabled.  She has no evidence to support this position, but merely infers such a perception based on his knowledge as a medical doctor.  The flaw here, of course, is that her argument is <u>ex post</u>:  she forgets that at the time of her termination, even her treating physician had not placed her under any work restrictions due to her injury.  It is absurd to conclude that Dr. Rustad, a dermatologist, could have perceived that which her attending orthopedic surgeon had not yet deduced.  Even according to plaintiff, at the time of her termination, she had complained of shoulder discomfort, but nothing

more, and she had no difficulties performing her job duties. (Rustad Dep. 23, Jan. 16, 2008). There is simply nothing in the record to support plaintiff's assertion that Dr. Rustad perceived her as disabled.

Plaintiff has failed to show that, at the time of her termination, she had any physical impairment or perceived impairment that substantially limited her ability to perform a major life activity. Accordingly, she is not entitled to protection under the ADA, and her discrimination claim fails.[2]

### C. Protection Under the MHRA

Like the ADA, the MHRA protects an individual with a disability from being fired because of a disability. Minn. Stat. § 363A.08 subd. 2(2). The MHRA definition of disability is nearly identical to that of the ADA; a plaintiff must show that an impairment materially limits her ability to perform one or more major life activities. Minn. Stat. § 363A.03 subd. 12. Because the difference between the two definitions is merely semantic, however, the standards are treated as being the same. See Weber v. Strippit, Inc., 186 F.3d 907, 912 n. 4 (8th Cir. 1999). For the reasons set forth concerning plaintiff's unavailing ADA claim, the Court finds plaintiff was not disabled under the MHRA. Plaintiff was not

---

[2]Plaintiff argues that defendant's swift termination of her employment was an attempt to avoid engaging in the interactive process to accommodate her disability, as is required by the ADA. The Court need not address this argument, in light of its finding that plaintiff's injury is not protected by the ADA.

materially impaired from performing a major life activity, and is therefore not qualified for protection under the MHRA.

IV. <u>Conclusion</u>

For the foregoing reasons, IT IS ORDERED that:

1. Defendant's motion for summary judgment on plaintiff's claims [Docket No. 33] is granted.

2. Plaintiff's claims are dismissed with prejudice.

Dated:  August 19, 2008

<u>S/ JAMES M. ROSENBAUM</u>
JAMES M. ROSENBAUM
United States District Judge
